IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRANCE LOVE, # B-12577,            )
                                      )
                    Plaintiff,        )
                                      )
                                      )
vs.                                   )    Case No. 12-cv-882-MJR
                                      )
CHRISTINE BROWN,                      )
GARY GEAST, and                       )
UNKNOWN PARTY,                        )
                                      )
                    Defendants.       )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Pickneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims medical and health care personnel at Pickneyville were deliberately indifferent to his serious medical condition. More specifically, Plaintiff complains of pain in his right shoulder and right forearm. Plaintiff does not state in what manner each of these defendants is personally responsible for violating his constitutional rights nor does he provide any specific incidents or dates to support his claim of cruel and unusual punishment. The Court has reviewed the grievances attached by Plaintiff which indicate that he has received multiple examinations by various health care providers and also undergone multiple X-rays and clinical evaluations. Plaintiff states in his grievances that medical personnel have advised him to desist from doing pushups so that his muscles might heal. Apparently, Plaintiff believes this to constitute an Eighth Amendment violation and requests yet additional health care examinations and further diagnostics.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendants for deliberate indifference to medical needs.

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense."  *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)].  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough.  *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

Plaintiff has not adequately stated a serious medical condition nor pleaded facts indicating that any defendant violated his Eighth Amendment protections. Accordingly, these claims shall be dismissed without prejudice.

In the body of his pleadings, Plaintiff names one unknown X-ray technician, and two unknown sick call nurses.  As with the other named defendants, Plaintiff fails to state any particular act for which these unknown individuals may be responsible.  Therefore, the Court shall not add these individuals as defendants.

Plaintiff's pending motions are denied as **MOOT**. (Doc. 3, 4).

**Disposition**

Plaintiff's claims against all Defendants for deliberate indifference to a serious medical need fails to state a claim upon which relief can be granted and will be **DISMISSED** from this action without prejudice. Defendants **BROWN, GEAST** AND **UNKNOWN PARTY**, shall be dismissed without prejudice.

  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

 **IT IS SO ORDERED.**

 **DATED: October 17, 2012**

             <u>s/ MICHAEL J. REAGAN</u>
             Michael J. Reagan
             United States District Judge